UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Asheville Division

| | |
|---|---|
| Ronnie C. Hedgepeth, Jr., and Shira Hedgepeth,<br><br>    Appellants,<br><br>v.<br><br>Smoky Mountain Country Club Property Owners' Association, Inc., and SMCC Clubhouse, LLC,<br><br>    Appellees. | Case No. 1:21-cv-00051-MR |

**APPELLEES SMOKY MOUNTAIN COUNTRY CLUB PROPERTY OWNERS' ASSOCIATION, INC. AND SMCC CLUBHOUSE, LLC MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS APPEAL**

Appellees, Smoky Mountain Country Club Property Owners' Association, Inc. ("Debtor") and SMCC Clubhouse, LLC ("SMCC"), respectfully request the Court, pursuant to Rule 8013 of the Federal Rules of Bankruptcy Procedure, to grant Appellees' motion to dismiss, and to enter an order dismissing, the appeal filed by Appellants, Ronnie C. Hedgepeth, Jr., and Shira Hedgepeth, from the Order Denying the Motion Requesting Relief from Automatic Stay entered by the Bankruptcy Court on December 2, 2020 (Bankr. Docket No. 394) (the "Second Stay Relief Order"), and the Order Denying Motion to Reconsider, entered by the Bankruptcy Court on February 11, 2021 (Bankr. Docket No. 420) (the "Order Denying Motion to Reconsider").

**INTRODUCTION**

The Court does not have subject matter jurisdiction over this appeal. Accordingly, the appeal must be dismissed.

1

# STATEMENT OF FACTS

Appellants appeal from the Second Stay Relief Order and the Order Denying Motion to Reconsider. Amended Notice of Appeal [Bankr. Docket No. 426][1] ("Notice of Appeal").

Smoky Mountain Country Club is a residential planned community located in Whittier, North Carolina, which is governed by the Declaration[2] and the North Carolina Planned Community Act, N.C. Gen. Stat., Chapter 47F. *See* Disclosure Statement for Plan of Reorganization of Smoky Mountain Country Club Property Owners' Association, Inc., and Creditor SMCC Clubhouse, LLC p. 3 [Bankr. Docket No. 104] (the "Disclosure Statement"). Debtor is the homeowners' association in which all owners of Lots, Townhouse Units, and Condominium Units in Smoky Mountain Country Club ("Owners") are required to be members. Disclosure Statement p. 3 [Bankr. Docket No. 104]. Appellants are Owners in Smoky Mountain Country Club and members of Debtor. Amended Objection to Chapter 11 Plan p. 2 [Bankr. Docket No. 216]. Under the Declaration, SMCC's predecessor granted to Debtor and Owners a perpetual nonexclusive right to use the Clubhouse Use Facilities, and, in consideration thereof, Owners agreed to pay Clubhouse Dues to Debtor, and Debtor agreed to assess, bill, and collect Clubhouse Dues from Owners and to pay such dues to SMCC (the Clubhouse Dues Agreement"). Disclosure Statement p. 4 [Bankr. Docket No. 104]. After Debtor breached the Clubhouse Dues Agreement in 2014, SMCC was awarded judgment against Debtor in the amount of $7,071,054.46 (the "State Court Judgment"). Disclosure Statement pp. 4-5 [Bankr. Docket No 104]. Debtor filed an appeal from the State Court Judgment (the "State Court Appeal"). Disclosure Statement p. 5 [Bankr. Docket No. 104].

---

[1] Unless otherwise identified, the Debtor has included the abbreviation "Bankr." to cite to the docket from *In re Smoky Mountain Country Club Property Owners' Association, Inc.*, Case No. 19-10286 (Bankr. W.D.N.C. 2019).
[2] Amended and Restated Declaration of Covenants, Conditions and Restrictions, and Reservation of Easements for Smoky Mountain Country Club dated October 15, 1999, and recorded on November 23, 1999.

On July 26, 2019, Debtor filed bankruptcy pursuant to Chapter 11 of the United States Bankruptcy Code. Disclosure Statement p. 2 [Bankr. Docket No. 104]. During the Chapter 11 proceedings, Debtor and SMCC agreed to, and jointly proposed, an Amended Plan of Reorganization (the "Plan") in which, basically, SMCC agreed to stay enforcement of the State Court Judgment, and Debtor agreed to dismiss the State Court Appeal, and to pay, by assessing Owners, the State Court Judgment. *See generally* Amended Plan of Reorganization [Bankr. Docket No. 253]. At a contested confirmation hearing for the Plan on December 18, 2019 (the "Confirmation Hearing"), the Bankruptcy Court approved and confirmed the Amended Plan. Transcript of Proceedings before the Honorable George R. Hodges, United States Bankruptcy Judge, Dec. 18, 2019, 181:16-183:3 (the "Confirmation Hearing Transcript"); *see also* Order Confirming Plan of Reorganization [Bankr. Docket No. 260].

The Appellants first moved for stay relief on December 2, 2019, followed by an identical motion on December 3, 2019, seeking relief from the automatic stay to proceed with a state court action for a "declarative judgment regarding the obligation of members to pay fees currently being assessed to determine if they are real or personal covenants to the members," and "to enjoin collection of fees against members until the court has determined if the fees are real or personal covenants and whether or not it is discharged by the Bankruptcy action." Motion Requesting Relief from Automatic Stay [Bankr. Docket No. 116]; Motion Requesting Relief from Automatic Stay [Bankr. Docket No. 136] (collectively, the "First Stay Relief Motion").[3] The Bankruptcy Court orally denied the First Stay Relief Motion during the Confirmation Hearing. Confirmation Hearing Transcript, 183:9-11. On January 21, 2020, the Bankruptcy Court entered its order denying the First Stay Relief Motion. Order Denying Interested Parties' Motion Requesting Relief from

---

[3] Because the two motions are identical, citations to the First Stay Relief Motion will be to Bankr. Docket No. 136.

Automatic Stay [Bankr. Docket No. 300] (the "First Stay Relief Order"). The Appellants did not appeal from the First Stay Relief Order.

Over nine months later, on October 29, 2020, Appellants again moved for stay relief, requesting modification of "the automatic stay for the limited purpose of allowing the movants to file a declaratory state court action against the debtor to determine the Hedgepeths' obligations to pay the special assessment and clubhouse due fees being assessed against them and for unfair debt collection practices." Motion Requesting Relief from Automatic Stay [Docket No. 381] (the "Second Stay Relief Motion"). At the hearing on the Second Stay Relief Motion, the Bankruptcy Court orally ruled, stating "I believe that the Ritzen case does control and that the denial of the stay relief previously controls. And so I will deny this motion as well." Transcript of Hearing on [#381] Motion of the Hedgepeths Requesting Relief from Automatic Stay before the Honorable George R. Hodges, United States Bankruptcy Judge, Nov. 24, 2020, 7:17-19 (the "Second Stay Relief Motion Hearing Transcript"). The Bankruptcy Court entered its order denying the Second Stay Relief Motion on December 2, 2020. Order Denying the Motion Requesting Relief from Automatic Stay [Bankr. Docket No. 394] (the "Second Stay Relief Order").

On December 3, 2020, Appellants moved for reconsideration. Motion to Reconsider [Bankr. Docket No. 396] (the "Motion to Reconsider"). At the hearing on the Motion to Reconsider, the Bankruptcy Court denied the Motion to Reconsider. Transcript of Hearing on [396] Motion of Ronnie Hedgepeth and Shira Hedgepeth to Reconsider before the Honorable George R. Hodges, United States Bankruptcy Judge, Jan. 20, 2021, 6:10-13 (the "Motion to Reconsider Hearing Transcript"). The Bankruptcy Court entered its order denying the Motion to Reconsider on February 11, 2021. Order Denying Motion to Reconsider [Bankr. Docket No. 420] (the "Order Denying Motion to Reconsider"). Appellants filed their Notice of Appeal on February

4

19, 2021, [Bankr. Docket No. 422], and an Amended Notice of Appeal on February 22, 2021, [Bankr. Docket No. 426] (collectively, the "Notice of Appeal").

## STATEMENT OF THE LAW

This appeal must be dismissed because this Court does not have subject matter jurisdiction over it. *Keena v. Groupon, Inc.*, 886 F.3d 360, 365 (4th Cir. 2018) ("Appellate jurisdiction is therefore lacking and [Appellant's] appeal must be dismissed."); *Bayless v. Clampitt (In re Bayless)*, No. 1:11cv91, 2012 U.S. Dist. LEXIS 4606, at *10 (W.D.N.C. Jan. 13, 2012) (concluding that the Court "does not have subject matter jurisdiction and therefore this appeal must be dismissed").

Rule 8002(a)(1) of the Federal Rules of Bankruptcy Procedure requires a notice of appeal to be filed within fourteen days after entry of the order being appealed. Fed. R. Bankr. P. 8002 (a)(1). This time limitation is jurisdictional. *See Ballard v. Tamojira, Inc.*, No. 96-1745, 1997 U.S. App. LEXIS 1468, at *1 (4th Cir. Jan. 23, 1997) (holding appeal properly dismissed where notice of appeal filed five days after Rule 8002 deadline); *In re Reimann*, No. 5:03-CV-794-FL(3), 2003 U.S. Dist. LEXIS 26609, at *2 (E.D.N.C. Nov. 18, 2003) (holding that it was without jurisdiction to hear appeal because the notice to appeal was not timely filed), *aff'd*, 89 Fed. App'x 850, 2004 U.S. App. LEXIS 5010 (4th Cir. 2004).

Furthermore, courts will not countenance attempts by litigants to circumvent Rule 8002's requirements. *See, e.g.*, *Sloan v. Allen*, 415 F. Supp. 3d 77, 83 (D.D.C. 2019) (dismissing a second appeal "because it improperly attempt[ed] to circumvent Rule 8002(a)'s timeliness requirement by addressing the merits of [appellant's] untimely filed first appeal"); *21st Mortg. Corp. v. Invest Vegas, LLC (In re Residential Capital, LLC)*, No. 17 Civ. 7580, 2018 U.S. Dist. LEXIS 149311, at *10 (S.D.N.Y. Aug. 31, 2018) (dismissing appeal for lack of jurisdiction to the extent appellant

sought review of previous decisions of the bankruptcy court which had not been timely appealed and noting that Rule 8002's time limitations "would be rendered meaningless if litigants could circumvent it as [a]ppellant attempts to do").

Here, the Appellants first moved for stay relief in December 2019, seeking relief from the automatic stay to proceed with a state court action for a "declarative judgment regarding the obligation of members to pay fees currently being assessed to determine if they are real or personal covenants to the members," and "to enjoin collection of fees against members until the court has determined if the fees are real or personal covenants and whether or not it is discharged by the Bankruptcy action." First Stay Relief Motion [Bankr. Docket No. 136]. After briefing and argument at the Confirmation Hearing, the Bankruptcy Court entered the First Stay Relief Order on January 21, 2020, denying the relief sought. First Stay Relief Order [Bankr. Docket No. 300]. The First Stay Relief Order was a final, appealable order in which the Bankruptcy Court unreservedly denied the relief sought. *See Ritzen Grp., Inc. v. Jackson Masonry, LLC*, 140 S. Ct. 582, 586 (2020) ("[The] adjudication of a motion for relief from the automatic stay . . . yields a final, appealable order when the bankruptcy court unreservedly grants or denies relief."). Appellants did not appeal from the First Stay Relief Order. "Ruling on a motion for stay relief . . . determine[s] where the adjudication of an adversary claim will take place – in the bankruptcy forum or state court." *Id.* at 590. Thus, the First Stay Relief Order is a final order that the Appellants' claim cannot be heard in a state court in North Carolina, but only in the bankruptcy court.

Over nine months later, on October 29, 2020, the Appellants again moved for stay relief, seeking relief from the automatic stay "for the limited purpose of allowing the movants to file a declaratory state court action against the debtor to determine the Hedgepeths' obligation to pay the

6

special assessment and clubhouse due fees being assessed against them and for unfair debt collection practices." Second Stay Relief Motion [Bankr. Docket No. 381]. The Bankruptcy Court denied the Second Stay Relief Motion, stating "that the denial of the stay relief previously controls." Second Stay Relief Motion Hearing Transcript, 7:17-19; *see also* Second Stay Relief Order [Bankr. Docket No. 300].

Both the First Stay Relief Motion and the Second Stay Relief Motion essentially sought the same relief—relief from the automatic stay in order to file a state court action in North Carolina seeking a judicial determination that Appellants are not obligated to pay the assessments levied against them by the Debtor. Because both of Appellants' motions sought the same relief, the order subject to appeal is the Bankruptcy Court's January 21, 2020, order. *See In re Shephard*, No. 1:15CV00030, 2015 U.S. Dist. LEXIS 105103, at *4 (W.D. Va. Aug. 11, 2015) (noting that because both motions filed by the debtor sought the same relief, the order subject to appeal was the order on the first motion).

Appellants filed their initial Notice of Appeal on February 19, 2021, far exceeding the fourteen-day period after entry of the Bankruptcy Court's January 21, 2020 order required by Rule 8002(a)(1). Notice of Appeal [Bankr. Docket No. 422]. Accordingly, the District Court lacks jurisdiction to consider this appeal because the Notice of Appeal was not timely filed. *See In re Shephard*, 2015 U.S. Dist. LEXIS 105103, at *4-5 (finding no jurisdiction where chapter 7 debtor had filed two motions, approximately five months apart and seeking essentially the same relief, because the debtor failed to appeal the order on the first motion within the applicable time period). Thus, because the District Court does not have subject matter jurisdiction, it must dismiss this appeal.

7

Case 1:21-cv-00051-MR   Document 8   Filed 04/20/21   Page 7 of 8

# CONCLUSION

Debtor and SMCC request that the Court grant their motion to dismiss and enter an order dismissing the appeal of the Appellants from the Second Stay Relief Order and the Order Denying Motion to Reconsider.

This the 20th day of April, 2021.

                                  RAYBURN COOPER & DURHAM, P.A.

By:    /s/ Ross R. Fulton
        John R. Miller, Jr.
        N.C. State Bar No. 28689
        Ross R. Fulton
        N.C. State Bar No. 31538
        Ashley B. Oldfield
        N.C. State Bar No. 56552
        Suite 1200, The Carillon
        227 West Trade Street
        Charlotte, NC 28202
        (704) 334-0891

*Counsel to the Debtor*

/s/ Marshall Cornblum
Marshall Cornblum (*Pro Hac Vice* Pending*)*
P.O. Box 481415
Delray Beach, FL 33448
(510) 847-2964

*Counsel to SMCC Clubhouse, LLC*