UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Asheville Division

| | |
|---|---|
| Ronnie C. Hedgepeth, Jr., and Shira Hedgepeth,<br><br>    Appellants,<br><br>v.<br><br>Smoky Mountain Country Club Property Owners' Association, Inc., and SMCC Clubhouse, LLC,<br><br>    Appellees. | Case No. 1:21-cv-00051-MR |

**BRIEF OF APPELLEES SMOKY MOUNTAIN COUNTRY CLUB PROPERTY OWNERS' ASSOCIATION, INC. AND SMCC CLUBHOUSE, LLC IN OPPOSITION TO APPEAL**

Ross R. Fulton
John R. Miller, Jr.
Ashley B. Oldfield
Rayburn Cooper & Durham, P.A.
Suite 1200, The Carillon
227 West Trade Street
Charlotte, NC 28202
(704) 334-0891
rfulton@rcdlaw.net
jmiller@rcdlaw.net
aoldfield@rcdlaw.net

Counsel to the Debtor

Marshall Cornblum
P.O. Box 481415
Delray Beach, FL 33448
(510) 847-2964
mecornblum@aol.com

Counsel to SMCC Clubhouse, LLC

1

# CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Bankruptcy Procedure 8012, neither Appellee Smoky Mountain Country Club Property Owners' Association, Inc., nor Appellee SMCC Clubhouse, LLC has any parent company, and neither is owned 10% or more by a publicly held corporation.

# TABLE OF CONTENTS

CORPORATE DISCLOSURE STATEMENT ....................................................... 2
TABLE OF CONTENTS ................................................................................... 2
TABLE OF AUTHORITIES .............................................................................. 3
STATEMENT REGARDING ORAL ARGUMENT ............................................ 4
JURISDICTIONAL STATEMENT ..................................................................... 5
STANDARD OF APPELLATE REVIEW ........................................................... 5
STATEMENT OF THE CASE ............................................................................ 7
SUMMARY OF ARGUMENT ......................................................................... 11
ARGUMENT.................................................................................................... 12

    I.    The District Court Does Not Have Subject Matter Jurisdiction Over This Appeal and Must Dismiss, Because Appellants Did Not File a Timely Notice of Appeal from the First Stay Relief Order. ........................................................ 12

    II.    The Second Stay Relief Order Must Be Affirmed, Because the Bankruptcy Court Did Not Abuse Its Discretion When It Decided Appellants Had Already Sought, and Been Denied, the Requested Relief by the First Stay Relief Order. 13

    III.    The Order Denying Motion to Reconsider Must Be Affirmed, Because the Bankruptcy Court Properly Exercised Its Discretion in Denying the Motion to Reconsider. ....................................................................................................... 15

Conclusion ....................................................................................................... 17

# TABLE OF AUTHORITIES

**Cases**

*Boryan v. United States*, 884 F.2d 767 (4th Cir. 1989) ............................................. 6
*EEOC v. Lockheed Martin Corp.*, 116 F.3d 110 (4th Cir. 1997) ............................ 6
*Evans v. Eaton Corp. Long Term Disability Plan*, 514 F.3d 315 (4th Cir. 2008) .... 6
*First Niagara Leasing, Inc. v. Chesapeake Contractors, Inc. (In re Chesapeake Contractors)*, 413 B.R. 254 (Bankr. D. Md. 2008) ............................................... 15
*Hutchinson v. Staton*, 994 F.2d 1076 (4th Cir. 1993) ............................................ 16
*In re Boomgarden*, 780 F.2d 657 (7th Cir. 1985) .................................................... 5
*In re Luskin's, Inc.*, 213 B.R. 107 (D. Md. 1997) .................................................... 6
*In re One2One Communs., LLC*, No. 12-27311, 2021 Bankr. LEXIS 823 (Bankr. D.N.J. Mar. 30, 2021) ............................................................................................ 15
*In re Robbins*, 964 F.2d 342 (4th Cir. 1992) ............................................................ 5
*In re Xiaolan Zhang*, No. DKC 12-1287, 2012 U.S. Dist. LEXIS 151019 (D. Md. Oct. 19, 2012) .......................................................................................................... 6
*McCullough v. Horne (In re McCullough)*, 495 B.R. 692 (W.D.N.C. 2013) ....... 5, 6
*Ritzen Group, Inc. v. Jackson Masonry, LLC*, 140 S. Ct. 582 (2020) .. 12, 13, 15, 16
*United States v. Anderson*, 481 F.2d 685 (4th Cir. 1973) ....................................... 7
*Westberry v. Gislaved Gummi AB*, 178 F.3d 257 (4th Cir. 1999) ........................... 6

**Statutes**

28 U.S.C. § 157 .......................................................................................................... 5
28 U.S.C. § 1334 ........................................................................................................ 5

**Rules**

Fed. R. Bankr. P. 8002(a)(1) ................................................................................... 14

## STATEMENT REGARDING ORAL ARGUMENT

Appellees assert that the factual and legal issues raised by this appeal do not necessitate oral argument.

Appellees Smoky Mountain Country Club Property Owners' Association, Inc. ("Debtor") and SMCC Clubhouse, LLC ("SMCC") file their Appellees' Brief in response to Brief of Appellants Ronnie C. Hedgepeth, Jr., and Shira Hedgepeth filed on March 22, 2021.

## JURISDICTIONAL STATEMENT

The Bankruptcy Court possessed subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. The District Court, however, does not have subject matter jurisdiction over this appeal, because Appellants did not file a timely Notice of Appeal from the First Stay Relief Order. *See* Appellees Smoky Mountain Country Club Property Owners' Association, Inc. and SMCC Clubhouse, LLC, Memorandum of Law in Support of Their Motion to Dismiss Appeal. [Doc. No. 7]

## STANDARD OF APPELLATE REVIEW

"A decision to lift the automatic stay under section 362 of the Code is within the discretion of the bankruptcy judge and this decision may be overturned on appeal only for abuse of discretion." *In re Robbins*, 964 F.2d 342, 345 (4th Cir. 1992) (citing *In re Boomgarden*, 780 F.2d 657, 660 (7th Cir. 1985)); *see also McCullough v. Horne (In re McCullough)*, 495 B.R. 692, 694 (W.D.N.C. 2013) ("The law is well-settled that a bankruptcy court's discretionary determination on whether to lift an

automatic stay will be overturned only upon a showing of abuse of that discretion.") (citing *In re Luskin's, Inc.*, 213 B.R. 107, 110 (D. Md. 1997)).

An appellate court reviews an order granting or denying a Rule 59(e) motion for reconsideration for abuse of discretion. *See EEOC v. Lockheed Martin Corp.*, 116 F.3d 110, 112 (4th Cir. 1997) ("We review an order granting a Rule 59(e) motion under an abuse of discretion standard.") (citing *Boryan v. United States*, 884 F.2d 767, 771 (4th Cir. 1989)); *In re Xiaolan Zhang*, No. DKC 12-1287, 2012 U.S. Dist. LEXIS 151019, at *6 (D. Md. Oct. 19, 2012) ("An abuse of discretion standard applies to a bankruptcy court's orders denying . . . a Rule 59(e) motion.") (citing *Lockheed Martin*, 116 F.3d at 112).

A bankruptcy court abuses its discretion "only when [it] relies upon clearly erroneous findings of fact or uses an erroneous legal standard." *McCullough*, 495 B.R. at 695 (quoting *Westberry v. Gislaved Gummi AB*, 178 F.3d 257, 261 (4th Cir. 1999)). "At its immovable core, the abuse of discretion standard requires a reviewing court to show enough deference to a primary decisionmaker's judgment that the court does not reverse merely because it would have come to a different result in the first instance." *Evans v. Eaton Corp. Long Term Disability Plan*, 514 F.3d 315, 322 (4th Cir. 2008).

6

Accordingly, the issues presented for appeal here are reviewed for abuse of discretion.

## STATEMENT OF THE CASE[1]

Appellants appeal from the Second Stay Relief Order and the Order Denying Motion to Reconsider. Amended Notice of Appeal [Bankr. Docket No. 426][2] ("Notice of Appeal").

Smoky Mountain Country Club is a residential planned community located in Whittier, North Carolina, which is governed by the Declaration[3] and the North Carolina Planned Community Act, N.C. Gen. Stat., Chapter 47F. *See* Disclosure Statement for Plan of Reorganization of Smoky Mountain Country Club Property Owners' Association, Inc., and Creditor SMCC Clubhouse, LLC p. 3 [Bankr. Docket No. 104] (the "Disclosure Statement"). Debtor is the homeowners' association in which all owners of Lots, Townhouse Units, and Condominium Units in Smoky Mountain Country Club ("Owners") are required to be members. Disclosure Statement p. 3 [Bankr. Docket No. 104]. Appellants are Owners in Smoky Mountain

---

[1] Appellants' Brief repeatedly cites documents which are not a part of the Record on Appeal. *See, e.g.*, Appellants' Brief pp. 5-6 (citing Appendix Exhibits 1, 2, 3, and 4), p. 11 (citing Bankr. Docket Nos. 235 and 71), p. 16 (citing Appendix Exhibit 1), p. 18 (citing Appendix Exhibit 2). These materials cannot be considered and should be struck from Appellants' Brief. *See United States v. Anderson*, 481 F.2d 685, 702 n.19 (4th Cir. 1973) ("Any reference to material not in the agreed record for appeal, much less its inclusion in a brief filed with the Court, is both improper and censurable.").

[2] Unless otherwise identified, the Debtor has included the abbreviation "Bankr." to cite to the docket from *In re Smoky Mountain Country Club Property Owners' Association, Inc.*, Case No. 19-10286 (Bankr. W.D.N.C. 2019).

[3] Amended and Restated Declaration of Covenants, Conditions and Restrictions, and Reservation of Easements for Smoky Mountain Country Club dated October 15, 1999, and recorded on November 23, 1999.

7

Country Club and members of Debtor. Amended Objection to Chapter 11 Plan p. 2 [Bankr. Docket No. 216]. Under the Declaration, SMCC's predecessor granted to Debtor and Owners a perpetual nonexclusive right to use the Clubhouse Use Facilities, and, in consideration thereof, Owners agreed to pay Clubhouse Dues to Debtor, and Debtor agreed to assess, bill, and collect Clubhouse Dues from Owners and to pay such dues to SMCC (the Clubhouse Dues Agreement"). Disclosure Statement p. 4 [Bankr. Docket No. 104]. After Debtor breached the Clubhouse Dues Agreement in 2014, SMCC was awarded judgment against Debtor in the amount of $7,071,054.46 (the "State Court Judgment"). Disclosure Statement pp. 4-5 [Bankr. Docket No 104]. Debtor filed an appeal from the State Court Judgment (the "State Court Appeal"). Disclosure Statement p. 5 [Bankr. Docket No. 104].

On July 26, 2019, Debtor filed bankruptcy pursuant to Chapter 11 of the United States Bankruptcy Code. Disclosure Statement p. 2 [Bankr. Docket No. 104]. During the Chapter 11 proceedings, Debtor and SMCC agreed to, and jointly proposed, an Amended Plan of Reorganization (the "Plan") in which, basically, SMCC agreed to stay enforcement of the State Court Judgment, and Debtor agreed to dismiss the State Court Appeal, and to pay, by assessing Owners, the State Court Judgment. *See generally* Amended Plan of Reorganization [Bankr. Docket No. 253]. At a contested confirmation hearing for the Plan on December 18, 2019 (the "Confirmation Hearing"), the Bankruptcy Court approved and confirmed the

8

Amended Plan. Transcript of Proceedings before the Honorable George R. Hodges, United States Bankruptcy Judge, Dec. 18, 2019, 181:16-183:3 (the "Confirmation Hearing Transcript"); *see also* Order Confirming Plan of Reorganization [Bankr. Docket No. 260].

The Appellants first moved for stay relief on December 2, 2019, followed by an identical motion on December 3, 2019, seeking relief from the automatic stay to proceed with a state court action for a "declarative judgment regarding the obligation of members to pay fees currently being assessed to determine if they are real or personal covenants to the members," and "to enjoin collection of fees against members until the court has determined if the fees are real or personal covenants and whether or not it is discharged by the Bankruptcy action." Motion Requesting Relief from Automatic Stay [Bankr. Docket No. 116]; Motion Requesting Relief from Automatic Stay [Bankr. Docket No. 136] (collectively, the "First Stay Relief Motion").[4] The Bankruptcy Court orally denied the First Stay Relief Motion during the Confirmation Hearing. Confirmation Hearing Transcript, 183:9-11. On January 21, 2020, the Bankruptcy Court entered its order denying the First Stay Relief Motion. Order Denying Interested Parties' Motion Requesting Relief from

---

[4] Because the two motions are identical, citations to the First Stay Relief Motion will be to Bankr. Docket No. 136.

Automatic Stay [Bankr. Docket No. 300] (the "First Stay Relief Order"). Appellants did not appeal from the First Stay Relief Order.

Over nine months later, on October 29, 2020, Appellants again moved for stay relief, requesting modification of "the automatic stay for the limited purpose of allowing the movants to file a declaratory state court action against the debtor to determine the Hedgepeths' obligations to pay the special assessment and clubhouse due fees being assessed against them and for unfair debt collection practices." Motion Requesting Relief from Automatic Stay [Docket No. 381] (the "Second Stay Relief Motion"). At the hearing on the Second Stay Relief Motion, the Bankruptcy Court orally ruled, stating "I believe that the Ritzen case does control and that the denial of the stay relief previously controls. And so I will deny this motion as well." Transcript of Hearing on [#381] Motion of the Hedgepeths Requesting Relief from Automatic Stay before the Honorable George R. Hodges, United States Bankruptcy Judge, Nov. 24, 2020, 7:17-19 (the "Second Stay Relief Motion Hearing Transcript"). The Bankruptcy Court entered its order denying the Second Stay Relief Motion on December 2, 2020. Order Denying the Motion Requesting Relief from Automatic Stay [Bankr. Docket No. 394] (the "Second Stay Relief Order").

On December 3, 2020, Appellants moved for reconsideration. Motion to Reconsider [Bankr. Docket No. 396] (the "Motion to Reconsider"). The Motion to Reconsider came before the Bankruptcy Court on January 20, 2021 (the "Motion to

10

Reconsider Hearing"). Transcript of Hearing on [396] Motion of Ronnie Hedgepeth and Shira Hedgepeth to Reconsider before the Honorable George R. Hodges, United States Bankruptcy Judge, Jan. 20, 2021, 2:2-5 (the "Motion to Reconsider Hearing Transcript"). During the Motion to Reconsider Hearing, Appellants asserted that no order denying the First Stay Relief Motion had been entered into the bankruptcy docket. Motion to Reconsider Hearing Transcript, 4:7-14. The Bankruptcy Court noted that the First Stay Relief Order had, in fact, been entered on January 21, 2021. Motion to Reconsider Hearing Transcript, 5:16-17. Ultimately, the Bankruptcy Court denied the Motion to Reconsider. Motion to Reconsider Hearing Transcript, 6:10-13. The Bankruptcy Court entered its order denying the Motion to Reconsider on February 11, 2021. Order Denying Motion to Reconsider [Bankr. Docket No. 420] (the "Order Denying Motion to Reconsider"). Appellants filed their Notice of Appeal on February 19, 2021, [Bankr. Docket No. 422], and an Amended Notice of Appeal on February 22, 2021, [Bankr. Docket No. 426] (collectively, the "Notice of Appeal").

## SUMMARY OF ARGUMENT

As a threshold matter, this Court does not have subject matter jurisdiction over this appeal and, therefore, must dismiss the appeal, because Appellants did not file a timely Notice of Appeal from the First Stay Relief Order.

In the alternative, the Court should affirm the Second Stay Relief Order under the Supreme Court of the United States' holding in *Ritzen Group, Inc. v. Jackson Masonry, LLC*, 140 S. Ct. 582 (2020). Under *Ritzen*, the First Stay Relief Order was a final, appealable order which conclusively determined that Appellants' claim cannot be heard in state court in North Carolina. Thus, when Appellants filed their Second Stay Relief Motion in which they again moved for stay relief in order to litigate the same claim in state court, the Bankruptcy Court did not abuse its discretion by entering the Second Stay Relief Order, which denied the Second Stay Relief Motion, upon determining that the First Stay Relief Order controlled. Accordingly, the Second Stay Relief Order should be affirmed.

The Court should also affirm the Order Denying Motion to Reconsider as the Bankruptcy Court did not commit an error of law in its application of *Ritzen* and no other grounds for reconsideration were presented by Appellants.

## ARGUMENT

I. **The District Court Does Not Have Subject Matter Jurisdiction Over This Appeal and Must Dismiss, Because Appellants Did Not File a Timely Notice of Appeal from the First Stay Relief Order.**

For the reasons stated in Appellees Smoky Mountain Country Club Property Owners' Association, Inc. and SMCC Clubhouse, LLC, Memorandum of Law in Support of Their Motion to Dismiss Appeal [Docket No. 7], the District Court does not have subject matter jurisdiction over this appeal, which must be dismissed,

12

because Appellants did not file a timely Notice of Appeal from the First Stay Relief Order, which denied Appellants' First Stay Relief Motion.

   II.   **The Second Stay Relief Order Must Be Affirmed, Because the Bankruptcy Court Did Not Abuse Its Discretion When It Decided Appellants Had Already Sought, and Been Denied, the Requested Relief by the First Stay Relief Order.**

"A bankruptcy court's order ruling on a stay-relief motion disposes of a procedural unit anterior to, and separate from, claim-resolution proceedings." *Ritzen Grp., Inc. v. Jackson Masonry, LLC*, 140 S. Ct. 582, 589 (2020). Thus, the resolution of such a motion "does not occur as part of the adversary claims-adjudication process," but instead "constitutes an independent 'proceeding' within the meaning of 28 U.S.C. § 158(a)." *Id.* at 589 (citations omitted). Accordingly, the adjudication of a stay-relief motion "yields a final, appealable order when the bankruptcy court unreservedly grants or denies relief[,]" *id.* at 586, and "determine[s] where the adjudication of an adversary claim will take place—in the bankruptcy forum or state court[,]" *id.* at 590.

Here, Appellants' First Stay Relief Motion sought relief from the automatic stay to proceed with a state court action for a "declarative judgment regarding the obligation of members to pay fees currently being assessed to determine if they are real or personal covenants to the members," and "to enjoin collection of fees against members until the court has determined if the fees are real or personal covenants and whether or not it is discharged by the Bankruptcy action." First Stay Relief Motion

13

[Bankr. Docket No. 136]. After briefing and argument, the Bankruptcy Court denied the First Stay Relief Motion. First Stay Relief Order [Bankr. Docket No. 300]. Like the stay relief order in *Ritzen*, the First Stay Relief Order was a final order that Appellants' claims cannot be heard in state court. Once the order was entered, the Hedgepeths had fourteen days to file a notice of appeal pursuant to 11 U.S.C. § 8002, which they failed to do. Fed. R. Bankr. P. 8002(a)(1).

Over nine months later, Appellants again moved for stay relief seeking relief from "the automatic stay for the limited purpose of allowing the movants to file a declaratory state court action against the debtor to determine the Hedgepeths' obligations to pay the special assessment and clubhouse due fees being assessed against them and for unfair debt collection practices." Second Stay Relief Motion [Bankr. Docket No. 381]. In denying the Second Stay Relief Motion, the Bankruptcy Court necessarily found that the relief sought in both motions was the same. Second Stay Relief Motion Hearing Transcript, 7:17-19 ("I believe that the Ritzen case does control and that the denial of the stay relief previously controls. And so I will deny this motion as well."). The Court did not abuse its discretion in finding that both motions sought relief from the automatic stay in order to file a state court action in North Carolina seeking a judicial determination that Appellants are not obligated to pay the assessments levied against them by the Debtor.

14

Because both motions sought the same relief, Appellants could not "return to square one" by again seeking relief from the automatic stay in order to litigate their claims in state court after the First Stay Relief Order foreclosed state court as an available forum and was not appealed. *See Ritzen*, 140 S. Ct. at 591; *see also In re One2One Communs., LLC*, No. 12-27311, 2021 Bankr. LEXIS 823, at *31-47 (Bankr. D.N.J. Mar. 30, 2021) (applying *Ritzen* and denying motion on res judicata grounds which "protect[s] litigants from the burden of relitigating an identical issue with the same party or his privy and [] promot[es] judicial economy by preventing needless litigation"); *First Niagara Leasing, Inc. v. Chesapeake Contractors, Inc. (In re Chesapeake Contractors)*, 413 B.R. 254, 260 (Bankr. D. Md. 2008) ("[T]he doctrine of finality of judgment must preclude the re-litigation of this virtually identical motion where a final order has fully determined it."). Accordingly, the Bankruptcy Court correctly determined that Appellants' Second Stay Relief Motion was barred by the First Stay Relief Order and the Second Stay Relief Order should be affirmed.

### III. The Order Denying Motion to Reconsider Must Be Affirmed, Because the Bankruptcy Court Properly Exercised Its Discretion in Denying the Motion to Reconsider.

The Bankruptcy Court properly denied the Motion to Reconsider. Appellants brought their Motion to Reconsider pursuant to Federal Rule of Bankruptcy Procedure 9023, which incorporates Federal Rule of Civil Procedure 59. The Fourth

Circuit recognizes "three grounds for amending an earlier judgment [under Rule 59(e)]: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993).

Here, Appellants asserted that the Bankruptcy Court committed an error of law in its application of *Ritzen Group, Inc. v. Jackson Masonry, LLC*, 140 S. Ct. 582 (2020). Motion to Reconsider Transcript, 2:19-20, 3:25-4:6. In their Motion to Reconsider and at the hearing on the motion, Appellants inexplicably argued that no order denying the First Stay Relief Motion had ever been entered and that even if it had, such an order would not be final unless it specifically stated "with prejudice." Motion to Reconsider pp. 2-3 [Bankr. Docket No. 396]; Motion to Reconsider Hearing Transcript, 4:2-6, 9-12. Appellants have abandoned this argument on appeal, instead asserting that the First Stay Relief Order was not final because the "open question of whether the Appellants . . . are liability [sic] to the Association" purportedly remains. Appellants' Brief p. 22. However, the issue of Appellants' liability is irrelevant to the finality of the First Stay Relief Order. As explained above, the Bankruptcy Court correctly determined that the First Stay Relief Order was a final, appealable order and that Appellants' failure to appeal that order precluded their Second Stay Relief Motion. After considering the Motion to Reconsider, the Debtor's Objection to Motion to Reconsider, and the arguments of

16

counsel at the hearing on the motion, the Bankruptcy Court properly exercised its discretion in denying the Motion to Reconsider. Order Denying Motion to Reconsider [Bankr. Docket No. 420]. Whether Appellants are liable to the Debtor is irrelevant to the issue of whether stay relief should be granted or denied, but rather goes to the separate and independent claims-adjudication process. Since the Bankruptcy Court properly exercised its discretion in denying the Second Stay Relief Motion, the Order Denying Motion to Reconsider must be affirmed.

## Conclusion

Appellees request that this Court dismiss this appeal for lack of subject matter jurisdiction or, in the alternative, affirm the Bankruptcy Court's Second Stay Relief Order and Order Denying Motion to Reconsider.

This the 20th day of April, 2021.

RAYBURN COOPER & DURHAM, P.A.

By: /s/ Ross R. Fulton
John R. Miller, Jr.
N.C. State Bar No. 28689
Ross R. Fulton
N.C. State Bar No. 31538
Ashley B. Oldfield
N.C. State Bar No. 56552
Suite 1200, The Carillon
227 West Trade Street
Charlotte, NC 28202
(704) 334-0891

*Counsel to the Debtor*

/s/ Marshall Cornblum
Marshall Cornblum, *pro hac vice* pending
P.O. Box 481415
Delray Beach, FL 33448
(510) 847-2964

*Counsel to SMCC Clubhouse, LLC*

## CERTIFICATE OF COMPLIANCE

Attorneys for Appellees certify that this brief contains less than 13,000 words in compliance with Rule 8015 of the Federal Rules of Bankruptcy Procedure, excluding the items listed in Rule 8015(g), based on the word count in the word-processing software used to prepare the document.

This the ____ day of April, 2021.

By: /s/ Ross R. Fulton
Ross R. Fulton

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing has been served on attorney Shira Hedgepeth by CM/ECF notice, sent automatically by the Court upon filing.

This the ____ day of April, 2021

By: /s/ Ross R. Fulton
Ross R. Fulton