UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Asheville Division

| | |
|---|---|
| Ronnie C. Hedgepeth, Jr., and Shira Hedgepeth,<br><br>    Appellants,<br><br>v.<br><br>Smoky Mountain Country Club Property Owners' Association, Inc., and SMCC Clubhouse, LLC,<br><br>    Appellees. | Case No. 1:21-cv-00051-MR |

**APPELLEES SMOKY MOUNTAIN COUNTRY CLUB PROPERTY OWNERS' ASSOCIATION, INC. AND SMCC CLUBHOUSE, LLC REPLY IN SUPPORT OF THEIR MOTION TO DISMISS APPEAL**

Appellees Smoky Mountain Country Club Property Owners' Association, Inc. ("Debtor") and SMCC Clubhouse, LLC ("SMCC") hereby submit this reply in support of their motion to dismiss the appeal filed by Appellants Ronnie C. Hedgepeth, Jr., and Shira Hedgepeth, from the Second Stay Relief Order[1] (BK Doc. 394) and the Order Denying Motion to Reconsider (BK Doc. 420).

---

[1] Citations to documents preceded by the letters "CV" denote that the document is listed on the docket in Civil Case No. 1:21-cv-00051-MR or the letters "BK" denote that the document is listed on the docket in Bankruptcy Case No. 19-10286.

{00351287 v 1 }1

# ARGUMENT

Appellants filed a First Stay Relief Motion on December 2 and December 3, 2019 (BK Docs. 116 and 136), which was denied by the First Stay Relief Order entered by the Bankruptcy Court on January 21, 2020 (BK Doc. 300). Appellants did not file an appeal from the First Stay Relief Order. Appellants filed a Second Stay Relief Motion on October 29, 2020 (BK Doc. 381), which was denied by the Second Stay Relief Order entered by the Bankruptcy Court on December 2, 2020 (BK Doc. 394), from which Appellants filed a Motion to Reconsider on December 3, 2020 (BK Doc. 396), which was denied by the Order Denying Motion to Reconsider entered by the Bankruptcy Court on February 11, 2021 (BK Doc. 420). Both the First Stay Relief Motion and the Second Stay Relief Motion sought the same relief – relief from the automatic stay in order to file a state court action in North Carolina seeking a judicial determination that Appellants are not obligated to pay the assessments levied against them by the Debtor. Although assessments have been levied by Debtor against them, there has been no judicial proceeding filed by Debtor to collect the assessments from Appellants. Thus, Appellants seek a judicial determination on the defenses they intend to raise to claims of Debtor in a judicial proceeding that has not yet been filed against them. Appellants filed a Notice of Appeal from the Second Stay Relief Order and the Order Denying Motion to Reconsider on February 19, 2021 (BK Doc. 422) and an Amended Notice of Appeal on February 22, 2021 (BK Doc. 426).

Appellees filed their Motion to Dismiss Appeal (CV Doc. 7) and their Memorandum of Law in Support of Their Motion to Dismiss Appeal (CV Doc. 8) on the ground that this Court does not have the subject matter jurisdiction to entertain the appeal by Appellants from the Second Stay Relief Order and the Order Denying Motion to Reconsider. Since Appellants did not appeal from the First Stay Relief Order, the First Stay Relief Order is a final order. *Ritzen Grp., Inc. v. Jackson*

*Masonry, LLC*, 140 S. Ct. 582, 592 (2020). Since the First Stay Relief Motion and the Second Stay Relief Motion both sought the same relief, the only order subject to appeal is the First Stay Relief Order, NOT the Second Stay Relief Order. *In re Shephard,* No. 1:15CV00030, 2015 U.S. Dist. LEXIS 105103, at*4 (W.D. Va. Aug. 11, 2015). Since Appellants did not appeal from the First Stay Relief Order, they are precluded from filing an appeal thereafter by the 14-day time limitation provisions of Rule 8002(a)(1) of the Federal Rules of Bankruptcy Procedure, which are jurisdictional. *Ballard v. Tamojira, Inc.*, No. 96-1745, 1997 U.S. App. LEXIS 1468, at *1 (4th Cir. Jan. 23, 1997) (unpublished). Clearly, the appeals by Appellants from the Second Stay Relief Order on February 19, 2021 and February 22, 2021 were filed more than 14 days after the entry of the First Stay Relief Order on January 21, 2020. Accordingly, this Court does not have the subject matter jurisdiction to hear the appeals by Appellants from the Second Stay Relief Order and the Order Denying Motion to Reconsider, because Appellants did not file a notice of appeal from the First Stay Relief Order within the jurisdictional 14-day time period in Rule 8002(a)(1) of the Federal Rules of Bankruptcy Procedure. Furthermore, since the First Stay Relief Order was not timely appealed, it is a final order that the Appellants' claim cannot be heard in state court in North Carolina, but only in the bankruptcy court. *See Ritzen*, 140 S. Ct. at 590.

In their Response to the Motion to Dismiss Appeal (CV Doc. 10), Appellants submit the following three arguments without authorities, all of which are irrelevant:

(1) The Motion to Dismiss Appeal (CV Doc. 7) and the Memorandum of Law in Support of the Motion to Dismiss Appeal (CV Doc. 8) "are deficient by their failure to contain the signature of any attorney as local counsel for SMCC Clubhouse." Appellants' argument that the Motion is somehow deficient without the additional signature of the local counsel of one of the two Appellees is irrelevant and incorrect. The Motion was filed by Debtor and signed by Debtor's

counsel. Marshall Cornblum's signature on the Motion on behalf of the second Appellee clearly indicates that his *pro hac vice* admission is "pending." The Rules of Practice and Procedure of the United States District Court for the Western District of North Carolina (the "Local Rules") do not require local counsel to sign all filings; they require only that local counsel sign the motion seeking *pro hac vice* admission. Local Rule 83.1(c)(2)(A). Furthermore, the Local Rules allow the Clerk of Court to "permit the pre-admission filing of papers at the request of non-admitted counsel where justice requires[.]" Local Rule 83.1(c)(4). The Motion and Memorandum were filed on April 20, 2021, the day before they were required to be filed. Therefore, there were no deficiencies in the filing of the Motion to Dismiss and Memorandum of Law in Support of Motion to Dismiss Appeal.

(2) The appeal from the Second Stay Relief Order and Order Denying Motion to Reconsider was timely filed. This argument is irrelevant. Since Appellants failed to file an appeal from the First Stay Relief Order, this Court has no subject matter jurisdiction to entertain an appeal from the Second Stay Relief Order and Order Denying Motion to Reconsider.

(3) Appellants also seem to argue that the Motion to Dismiss Appeal should be denied because the standard of review for the appeal is "the discretion of the Bankruptcy Court." However, Appellees did not discuss the standard of review in their Motion to Dismiss Appeal, nor is it relevant to the issue of subject matter jurisdiction.

## **CONCLUSION**

Appellees request that the Court grant their Motion to Dismiss Appeal and enter an order dismissing the appeal of Appellants.

This the 3rd day of May, 2021.

                          RAYBURN COOPER & DURHAM, P.A.

By:    /s/ Ross R. Fulton
        John R. Miller, Jr.
        N.C. State Bar No. 28689
        Ross R. Fulton
        N.C. State Bar No. 31538
        Ashley B. Oldfield
        N.C. State Bar No. 56552
        Suite 1200, The Carillon
        227 West Trade Street
        Charlotte, NC 28202
        (704) 334-0891

        *Counsel to the Debtor*

        /s/ Marshall Cornblum
        Marshall Cornblum (*Pro Hac Vice pending*)
        P.O. Box 481415
        Delray Beach, FL 33448
        (510) 847-2964

        *Counsel to SMCC Clubhouse, LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing has been served on attorney Shira Hedgepeth by CM/ECF notice, sent automatically by the Court upon filing.

This the 3rd day of May, 2021.

By: /s/ Ross R. Fulton
Ross R. Fulton
