# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:21-cv-00051-MR

| | |
|---|---|
| IN RE: ) <br> ) <br> SMOKY MOUNTAIN COUNTRY ) <br> CLUB PROPERTY OWNERS' ) <br> ASSOCIATION, INC. ) <br> _____ ) <br> ) <br> RONNIE C. HEDGEPETH, JR., and ) <br> SHIRA HEDGEPETH, ) <br> ) <br> Appellants, ) <br> ) <br> vs. ) <br> ) <br> SMOKY MOUNTAIN COUNTRY ) <br> CLUB PROPERTY OWNERS' ) <br> ASSOCIATION, INC., and SMCC ) <br> CLUBHOUSE, LLC, ) <br> ) <br> Appellees. ) <br> _____ ) | **MEMORANDUM OF** <br> **DECISION AND ORDER** |

**THIS MATTER** is before the Court on (1) the appeal by Ronnie C. Hedgepeth, Jr. and Shira Hedgepeth of the Bankruptcy Court's December 2, 2020 Order, [BK Doc. 394],[1] denying their Motion Requesting Relief from

---

[1] Citations to the record herein contain the relevant document number referenced preceded by either the letters "CV" denoting that the document is listed on the docket in Civil Case No. 1:21-cv-00051-MR or the letters "BK" denoting that the document is listed on the docket in Bankruptcy Case No. 19-10286.

Automatic Stay and the Bankruptcy Court's February 11, 2021 Order, [BK Doc. 420], denying their Motion to Reconsider and (2) Smoky Mountain Country Club LLC's Motion for Admission Pro Hac Vice as to Marshall Cornblum. [CV Doc. 6].[2] The Appellees move to dismiss the appeal. [CV Doc. 7].

I.  **BACKGROUND**

Smoky Mountain Country Club (the "Community") is a planned community in Swain County, North Carolina that is governed by the North Carolina Planned Community Act, N.C. Gen. Stat. § 47F-1-101 *et seq.* [BK Doc. 104 at 3]. The Community is also governed by a Declaration (the "Declaration"), which was recorded in 1999 by the developer, Conleys Creek Limited Partnership ("CCLP"), to create covenants, conditions, restrictions, and reservations of easements in the Community. [Id.]. The Declaration requires that property owners in the Community (the "Property Owners") be

---

[2] Because the Court dismisses the Appellants' appeal for lack of subject matter jurisdiction, the Court does not reach the merits of Mr. Cornblum's application to be admitted pro hac vice, [CV Doc. 6], or the Appellants' arguments made in opposition to that application. [CV Doc. 11]. However, the Court instructs that Mr. Cornblum's practice of filing documents in this action without the signature of local counsel does not comply with this Court's Local Rules. The Local Rules provide, in pertinent part, that an attorney admitted pro hac vice "must associate local counsel and be accompanied by local counsel at all hearings unless otherwise permitted by the Court." LCvR 83.1(b)(1). Local Rule 83.1(b)(1) implicitly requires motions and pleadings to include the signature of local counsel in addition to the signature of counsel admitted or seeking admission pro hac vice. Nonetheless, the Court will consider the Appellees' Motion to Dismiss.

members of the Smoky Mountain Country Club Property Owners' Association (the "Association").[3]  [BK Doc. 304-1 at 25].  The Association is the Debtor in this matter and an Appellee in this appeal.  The Declaration states that CCLP will construct, manage, and operate a clubhouse, swimming pool, and two tennis courts in the Community (the "Clubhouse").  [Id. at 7].  The Declaration grants Property Owners the perpetual nonexclusive right to use the Community's clubhouse and its amenities and requires Property Owners to pay monthly "Clubhouse Dues" to the Association.  [Id. at 16, 23, 30-31].  The Association is charged with the responsibility of assessing, billing, and collecting the Clubhouse Dues from the Property Owners to pay CCLP.  [Id. at 23, 30-31].  In January of 2013, CCLP assigned its right to receive the Clubhouse Dues to SMCC Clubhouse, LLC ("SMCC").  [BK Doc. 104 at 4].  SMCC is also an Appellee in this appeal.

In 2014, the Property Owners gained control of the Association, and the Association sent written notice informing the Property Owners that it would no longer bill for Clubhouse Dues.  [BK Doc. 235 at 3].  While some of the Property Owners continued to pay Clubhouse Dues directly to SMCC, others did not pay Clubhouse Dues.  [Id. at 16; BK Doc. 283 at 28, 30-31].

---

[3] The Association is incorporated as the Smoky Mountain Country Club Property Owners Association, Inc.  [BK Doc. 2 at 1].

3

On October 13, 2014, CCLP, SMCC, and Marshall Cornblum filed an action against the Association in the Superior Court of Swain County, asserting that the Association had breached its contract by failing to collect and pay the Clubhouse Dues. Conleys Creek Ltd. P'Ship v. Cornblum, No. 14CVS238, 2016 WL 4263835, at *1 (N.C. Super. Jan. 26, 2016). On January 26, 2016, the trial court granted the Association's motion for summary judgment on the breach of contract claim. Id.

On September 5, 2017, the North Carolina Court of Appeals reversed the trial court's judgment and remanded the case for further proceedings because the Court of Appeals concluded that there was a genuine dispute of material fact as to whether the Association breached its contract. Conleys Creek Ltd. P'Ship v. Smoky Mountain Country Club Prop. Owners Ass'n, Inc., 255 N.C. App. 236, 805 S.E.2d 147 (2017). The Court of Appeals did not determine whether the Property Owners were obligated to pay Clubhouse Dues. Id. at 248, 805 S.E.2d at 155.

The Court of Appeals also noted that "the Planned Community Act does allow that when homeowners take control of an association board from the developer, the association may relieve itself of obligations made on its behalf by the developer, where it is found that the arrangement was 'not bona fide or was unconscionable[.]'" Id. at 244, 805 S.E.2d at 153 (citing N.C. Gen

4

Stat. § 47F-3-105). Thus, the Court of Appeals decision left open the question of whether the Association could void the Declaration by bringing "forth evidence tending to show that the provisions in the 1999 Declaration are not 'bona fide' or are 'unconscionable.'" Id. at 250, 805 S.E.2d at 156. On March 26, 2019, the Association adopted a resolution that terminated its obligation to pay Clubhouse Dues on the grounds that the Declaration was unconscionable and was not bona fide under the Planned Community Act. [BK Doc. 283 at 81].[4]

A jury trial was subsequently conducted on the breach of contract claim. [BK Doc. 104 at 4]. The jury returned a verdict against the Association, thus impliedly finding that the Declaration was bona fide and not unconscionable. On May 31, 2019, judgment was entered against the Association on the breach of contract claim in the amount of $5,149,921.94, with an additional $1,921,132.52 in prejudgment interest (the "Judgment"). [Id. at 5]. The Association appealed.[5]

On July 26, 2019, the Association filed a bankruptcy petition pursuant to Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court

---

[4] Although the Association voided the Declaration, no Court has concluded that the Declaration was unconscionable or not bona fide under the Planned Community Act.

[5] The Debtor later agreed to dismiss the Appeal as a condition of the Plan of Reorganization. [BK Doc. 253].

5

for the Western District of North Carolina. [BK Doc. 1]. On November 18, 2019, the Association and SMCC jointly filed a proposed Plan of Reorganization (the "Plan") with the Bankruptcy Court, [BK Doc. 96], which was amended on December 17, 2019. [BK Doc. 253].

On December 2, 2019, Property Owners Ronnie Hedgepeth, Shira Hedgepeth, Robinson Myers, Elizabeth Myers, and "other members of the Smoky Mountain Country Club community" filed a Motion Requesting Relief from Automatic Stay, [BK Doc. 116], which was amended on December 3, 2019. [BK Doc. 136]. Ronnie and Shira Hedgepeth are the Appellants herein. In their motion, Ronnie Hedgepeth, Shira Hedgepeth, Robinson Myers, and Elizabeth Myers "request[ed] that the Court modify the automatic stay for the limited purpose of allowing the movants to file an action in state court to enjoin collection of fees against members until the court has determined if the fees are real or personal covenants and whether or not it is discharged by the Bankruptcy action." [BK Doc. 116 at 1; BK Doc. 136 at 1]. On January 21, 2020, the Bankruptcy Court entered an Order denying the motion for relief from automatic stay. [BK Doc. 300].

The Bankruptcy Court entered an Order on December 19, 2019 confirming the Amended Plan, [BK Doc. 260], over objections filed by Property Owners Robert and Mary Young and Ronnie and Shira Hedgepth.

[BK Doc. 167; BK Doc. 207 at 6; BK Doc. 216 at 3-6]. Under the Amended Plan, SMCC agreed to stay execution on the Judgment and the Association agreed to: (1) assess, bill, and collect overdue Clubhouse Dues from the Property Owners; (2) assess, bill, and collect future Clubhouse Dues from the Property Owners; (3) pay SMCC $1,500,000 in three annual $500,000 payments; (4) assess each of the Property Owners for their share of the $1,500,000; (5) dismiss the appeal of the Judgment; and (6) reinstate the Declaration that the Association terminated on March 26, 2019. [BK Doc. 253 at 18-20]. Robert Young, Mary Young, Ronnie Hedgepeth, and Shira Hedgepeth had objected to the provision calling on the Association to collect the $1,500,000 from the Property Owners on the grounds that the provision subjected them to increased liability. [BK Doc. 167; BK Doc 207 at 6; BK Doc. 216 at 3-6].

On December 31, 2019, Property Owners Robert Young, Mary Young, Ronnie Hedgepeth, and Shira Hedgepeth filed a Notice of Appeal of the Bankruptcy Court's December 19, 2019 Order confirming the Plan. [BK Doc. 279]. The Association and SMCC moved to dismiss the appeal. In re Smoky Mountain Country Club Prop. Owners' Ass'n, Inc., 622 B.R. 653, 654 (W.D.N.C. Sept. 21, 2020). This Court granted the Association and SMCC's Motion to Dismiss on September 21, 2020. Id. at 659. This Court concluded

7

that Robert Young, Mary Young, Ronnie Hedgepeth, and Shira Hedgepeth did not have standing to appeal the Bankruptcy Court's Order confirming the Plan because the issue of whether they were liable to the Association had yet to be determined. Id. at 657, 659.

On March 26, 2020, Appellants Ronnie and Shira Hedgepeth also filed an action against CCLP and SMCC in the Superior Court of Swain County "requesting a declaratory judgment of the relative obligations of the Appellants regarding the clubhouse dues and any assessment arising from the clubhouse dues." [CV Doc. 4 at 5]. On July 9, 2020, the Superior Court of Swain County issued a final Order dismissing the Appellants' action because it was initiated "in violation of the automatic stay in 11 U.S.C. § 362(a)(3)." [Id. at 190]. The Appellants filed a Motion to Reconsider the Superior Court's Order on July 20, 2020 and, after that motion was denied, filed a Notice of Appeal on July 31, 2020. [Id. at 194-201].

Following the Superior Court's July 2020 Order dismissing their state action, the Appellants filed a second Motion Requesting Relief from Automatic Stay on October 29, 2020. [BK Doc. 381]. In that motion, the Appellants reiterated their assertion from their December 2, 2019, motion for relief from automatic stay requesting relief so that they could file an action in state court to determine whether they are responsible for paying Clubhouse

8

Case 1:21-cv-00051-MR Document 16 Filed 11/02/21 Page 8 of 12

Dues. [BK Doc. 381]. In addition, the Appellants requested relief so that they could file an action in state court to determine whether the Association engaged in unfair debt collection practices based on a letter sent by the Association on August 28, 2020 urging Property Owners to pay Clubhouse Dues. [Id.]. The August 28, 2020 letter was not the first attempt on the part of the Association to collect Clubhouse Dues. Instead, a bill for Clubhouse Dues was sent by the Association to the Appellants on December 1, 2019, immediately before Appellants' first motion for relief from stay. [BK Doc. 381-1; BK Doc. 344-15]. On December 2, 2020, the Bankruptcy Court denied the Appellants' October 29, 2020 motion for relief from automatic stay. [BK Doc. 394]. The next day, the Appellants filed a Motion to Reconsider, [BK Doc. 396], which was denied on February 11, 2021. [BK Doc. 420].

On February 19, 2021, the Appellants filed a Notice of Appeal in the Bankruptcy Court appealing the Bankruptcy Court's denial of the October 29, 2020 Motion Requesting Relief from Automatic Stay and the December 3, 2020 Motion to Reconsider. [BK Doc. 422]. Now, the Appellees move to dismiss the appeal. [CV Doc. 7].

## II. DISCUSSION

The Appellees argue that the Appellants' appeal should be dismissed because the Court "does not have subject matter jurisdiction to hear this appeal." [CV Doc. 7 at 1].

An order issued by a bankruptcy court is immediately appealable "if [it] finally dispose[s] of discrete disputes within the larger [bankruptcy] case." Bullard v. Blue Hills Bank, 575 U.S. 496, 501, 135 S. Ct. 1686, 191 L.E.2d 621 (2015) (quoting Howard Delivery Serv., Inc. v. Zurich Am. Ins. Co., 547 U.S. 651, 657, n.3, 126 S. Ct. 2105, 165 L.E.2d 110 (2006)). While "[t]he usual unit for analyzing finality in ordinary civil litigation is the case, in bankruptcy it is [often] the proceeding." Ritzen Group, Inc. v. Jackson Masonry, LLC, – U.S. –, 140 S. Ct. 582, 589, 205 L.E.2d 419 (2020) (citation omitted). A bankruptcy court's order denying relief from automatic stay is a final, appealable decision. Id. at 589 ("A bankruptcy court's order ruling on a stay-relief motion disposes of a procedural unit anterior to, and separate from, claim-resolution proceedings."). A party appealing an order issued by a bankruptcy court must file a notice of appeal within 14 days after entry of the order. Fed. R. Bankr. Pro. 8002(a)(1).

Here, the Appellants have twice moved for relief from automatic stay. [BK Doc. 136; BK Doc. 381]. In both motions, the Appellants sought the

same relief and requested that they be permitted to file an action in state court to determine their obligation to pay Clubhouse dues. [Id.]. While the Appellants sought relief to file an additional claim in their second motion for relief, that claim is based on that same issue. The Debtor had initiated the collection efforts at issue prior to the Appellants' filing their first motion for relief on December 2, 2019. The Appellants cannot skirt the requirements of Rule 8002(a)(1) by filing a new motion for relief from automatic stay to relitigate the same issues based on the same conduct. Since the Appellants sought the same relief in both motions, the order subject to appeal is the Bankruptcy Court's January 21, 2020 Order denying their first Motion Requesting Relief from Automatic Stay. See In re Shephard, No. 1:15-cv-00030, 2015 WL 4743809, at *2 (W.D. Va. Aug. 11, 2015). Accordingly, because the Appellants did not file their Notice of Appeal within fourteen days of the January 21, 2020 Order, this Court lacks subject matter jurisdiction over this appeal.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Appellees' Motion to Dismiss [CV Doc. 7] is **GRANTED**, the Appellants' appeal is **DISMISSED**, and the Clerk is directed to terminate this action.

**IT IS FURTHER ORDERED** that SMCC's Motion for Admission Pro

Hac Vice as to Marshall Cornblum [CV Doc. 6] is **DENIED** as moot.

**IT IS SO ORDERED.**

Signed: November 2, 2021

Martin Reidinger
Chief United States District Judge